Strafford,
No. 4436.

ROBERT E. HINCHEY, *Adm'r & a.*

*v.*

NATIONAL SURETY COMPANY *& a.*

Argued September 6, 1955.

Decided September 28, 1955.

*Burns, Calderwood & Bryant* (*Mr. Bryant* orally), for the plaintiffs.

*Devine & Millimet* (*Mr. Millimet* orally), for the defendant company.

DUNCAN, J. The original findings of the Trial Court contained no finding "that Sellers approved the custom of swapping drivers" (*Hinchey* v. *Surety Company, supra,* 379), but implied a finding that he never knew of such a practice. *Id.,* 380. In support of their exception to the ruling of the Trial Court approving the proposed final decree, as in conformity with the findings of that Court and the decision of this court, the plaintiffs now assert that the additional finding of April 15 "establishes that Sellers consented to the exchange of drivers by persons in his car"; and that since

"O'Rourke had implied permission from Sellers to go as a passenger . . . at any time" he therefore "had implied permission . . . to drive the car when he went as a passenger" which was never revoked by any communication to him.

The issue of implied consent arising out of a "prior course of conduct of [Sellers and O'Rourke] evidencing their mutual understanding" (*Standard &c. Ins. Co.* v. *Gore*, 99 N. H. 277, 282), was never squarely presented to the Trial Court by any request for findings or rulings before the first transfer to this court. However, the record indicates that following remand of the case it was clearly presented by the plaintiffs' motion for additional findings and by their arguments in support thereof, and at the hearing on the proposed final decree. The record further establishes that the additional finding made by the court was not intended to be an adoption of the plaintiffs' contention.

At the April 1955 hearing, the Trial Court twice declined to amplify or revise his additional finding that Sellers had no actual knowledge of any practice of exchanging drivers, or his concluding finding that Sellers' consent to use of the car (by Petell) "was not in any way affected by passengers who went with the person to whom he had loaned the car acting as drivers." While the meaning of the quoted findings is obscure, in the light of the comments of the Court in the course of the hearing it may be taken to relate to the issue of the scope of permission given to Petell rather than to the issue of implied consent to driving by O'Rourke.

As the case rests, no finding has been made that Sellers approved of any practice of exchanging drivers, but on the contrary it has been found that he had no actual knowledge of any such practice. There has been no finding that O'Rourke had implied consent to go as a passenger in the automobile whenever he wished, or to drive upon occasions when he was a passenger and Sellers was absent. The consequence is that the plaintiffs' position is in no wise improved since no decree in favor of the plaintiffs could be entered upon the findings. Much less can such a decree be held to be required as a matter of law. It follows that there was no error in entering the decree discharging the defendant company of any obligation to defend O'Rourke, or to satisfy any judgment in favor of the plaintiffs in the pending actions.

Denial of the plaintiffs' motions to present the testimony of O'Rourke in person was within the discretion of the Trial Court. *Croteau* v. *Harvey & Landers*, 99 N. H. 264, 266.

It is our opinion that the plaintiffs' contentions are foreclosed by the record and their exceptions are overruled.

*Judgment for the defendant company.*

All concurred.